By the Court.
Undoubtedly you may do so if there are proper parties. Finley has disclaimed by Iris special defence the land marked W in the diagram ; but if Carr’s warrant and survey can assist him in the portion he contends for, he can make use of it for that purpose. Turner and Milligan have wisely relinquished the claim by their counsel. Householder we know not. If he wished to contest the plaintiff’s title, he ought to have procured himself to be made a party to the suit. He was in possession of no part of the lands claimed by the plaintiff, when the ejectment was served. Let him bring his new eject*ment for Portion W; for in the present suit the plaintiff *171] must necessarily have a verdict for it.
A letter from William Peters, then secretary of the land office, to Hugh Purdy, dated 28th August 1765, stating, that he had seen and considered the written contract between him and Andrew Finley, dated the 21st April 1762, and advising him that he had a remedy on the special warranty contained therein, &c. was offered in evidence by the plaintiff.
This was opposed by the counsel of Finley, because it was no public document, but written by Mr. Peters as a counsel; and if it even were such, it would be no legal evidence of the fact recited therein.
To this the plaintiff’s counsel answered, that the title of Purdy was devested by a sheriff’s deed, and it could not be presumed that such a purchaser would receive all the title papers; and that the transaction respecting them having been a contract being already established by other proof, an inferior kind of evidence might be received, corroborating the fact. Besides a letter from James Steel, receiver general and secretary of the land office, has been adjudged good evidence. 1 Dall. 6. [That letter was in fact an order of survey, and was usual between 1718 and 1732.]
The court being divided in opinion on this point of evidence, asked the plaintiff’s counsel, if they would agree, in case the letter was received in evidence, and a verdict should be given *171 for their clients, that a new trial should be granted, provided the Supreme Court in bank should consider the testimony as inadmissible. To this they answered, that they could by no means accede thereto. — Whereupon Yeates, J. still adhering to his opinion, that the evidence could not be received on either of the grounds stated, the letter was overruled.
Cited in 3 Binn. 181.
Cited in 14 S. & R. 377 to show that a lost warrant may be laid on any vacant land, and that the owner of an application may shift his ground, and take up any vacant land, provided, nevertheless, that a third person, who has acquired a right of appropriation, shall not be injured.
Cited in 3 Wh. 191 in support of the proposition that if a defendant in ejectment takes a special defence for part only, and another tenant who had taken defence for the residue gives it up on the trial, the first, who had excluded it, will not be permitted to defend or show title as to it.
Referred to in 43 Pa. 206.
Messrs. Duncan, C. Smith and Kelly, pro quer.
Messrs. Bowie, Hopkins and Clark, pro def.
The court, after full argument by the counsel on both sides, gave it in charge to the jury, that for the reasons already given, the plaintiff was clearly intitled to recover the lands marked W. As to the remainder of the lands, they left it to the jury under all the circumstances of the case, who was in default respecting the contract, said to have been in existence between Hugh Purdy and Andrew Finley. The silence and acquiescence of the latter respecting his claim for so long a period, as well at the sheriff’s sale as afterwards, formed a strong presumption against *him. But independent thereof, they laid it down as a clear rule of law, that if a person obtains a second survey [*172 on a warrant which has been once filed, he thereby abandons his first survey, if the same was not returned into the surveyor general’s office, before an adverse survey is made, provided the same was done with his consent or procurement. Every survey shall be presumed to be made with the full consent of the party, unless the contrary appears ; and the circumstances of the present case strongly fortify the legal presumption.
Verdict pro quer.